IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH LITTLE and JULES STRACHMAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK ONE, DELAWARE, N.A. and FIRST USA BANK, N.A.,<br><br>    Defendants.<br>_____/ | No. C 05-01727 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 2, 2005 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively** GRANTS Defendants' motion to transfer and **tentatively** GRANTS Defendants' motion to dismiss with leave to amend.

The parties shall have 15 minutes to address the following questions:

1. The Court finds the motion to transfer well-taken and is inclined to transfer the matter to either Delaware or New Jersey. The location of Plaintiffs' counsel and the location of some as-yet unspecified number of potential class members in California does not indicate that this Court provides the proper forum. All of the factors this Court must consider indicate that transfer is appropriate.

    a. Although the Court is inclined to transfer the matter to Delaware, what are the parties' positions on the possible transfer to New Jersey in the alternative?

    b. As a procedural matter, must the Court resolve the outstanding motion to dismiss prior to resolution of the transfer motion, especially if the Court may deem it appropriate to grant leave in any case? Is the goal of preserving judicial resources through transfer served by deciding the motion to dismiss?

2. How do Plaintiffs maintain that federal law governing terms of credit does not preempt the fraud claim under Delaware state law?

3. If the Court rules on the motion to dismiss, on what legal theory could the Court grant leave to amend? The explicit contract terms appear to obviate the claim for breach of contract and the attendant breach of the covenant of good faith and fair dealing claim. The fraud claim appears to be preempted by federal law. On what bases could Plaintiffs amend their complaint to allege a viable cause of action?

4. Although it appears that the lack of notification to the credit cardholders of the bank's reduction of the credit limit is both supported by law and explicit in the cardmember agreement, the effect of the reduction simultaneous with the bank's offer of the convenience checks puts the cardholders in an impossible Catch-22 situation. The cardholders may properly exercise the offer to use the convenience check, but, completely unbeknownst to them, violate its terms.

    a. As a practical matter, why does the bank process the convenience check when it would not process a credit card purchase over the cardholders' credit limit?

    b. As a legal matter, it appears that the process is not a breach of the cardmember contract, but does the convenience check offer, in limited circumstances in which the credit limit has been reduced, fail to constitute a viable offer to contract?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:  December 1, 2005

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE