United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
ELIZABETH LITTLE and JULES
STRACHMAN, on behalf of themselves and
10  all others similarly situated,                No. C 05-01727 JSW
11            Plaintiffs,
12       v.                                       **ORDER GRANTING MOTION TO
                                                  TRANSFER**
13  BANK ONE, DELAWARE, N.A. and FIRST
USA BANK, N.A.,
14
            Defendants.
15  _____/
16
17          Now before the Court is the motion filed by Defendants Bank One, Delaware, N.A. and
18  First USA Bank, N.A. (collectively "the Bank") to transfer venue to the District of Delaware or
19  the District of New Jersey pursuant to 28 U.S.C. § 1404.  Having carefully reviewed the parties'
20  papers and considered their arguments and the relevant legal authority, and good cause
21  appearing, the Court hereby GRANTS the Bank's motion to transfer venue.
                                **BACKGROUND**
22          Plaintiff Elizabeth Little is a resident of Oklahoma.  Plaintiff Jules Strachman is a
23  resident of New Jersey.  Counsel for Plaintiffs are located in Los Angeles, California.
24  Defendant Bank is headquartered in Delaware.  Plaintiffs have filed a purported nationwide
25  class action of credit card holders concerning the assessment of overlimit fees resulting from the
26  use of convenience checks by cardholders prior to receiving notice of a credit limit reduction.
27          The Court will address the specific facts relevant to this motion as they are pertinent to
28  the analysis.

**ANALYSIS**

The Bank seeks to have the Court transfer this action to the Delaware or New Jersey District Court. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, the Bank bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

There is no dispute that Plaintiffs could have sued the Bank in Delaware or New Jersey. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

**1.      Plaintiff's Choice of Forum.**

The deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.* Further, the deference accorded to a nonresident plaintiff's choice of forum is substantially attenuated. *New Image,*

United States District Court

For the Northern District of California

2

*Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981).  Lastly, a plaintiff's choice of forum is less significant where they propose to represent a nationwide class.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Here, Plaintiff Elizabeth Little is a resident of Oklahoma.  (Declaration of Joette G. Herrera ("Herrera Decl."), Ex. B.)  Plaintiff Jules Strachman is a resident of New Jersey.  (*Id.*, Ex. A.)  Plaintiffs assert that they represent a putative class of persons allegedly harmed by the Bank, of which a significant portion may reside in California.  However, there is no particular cause of action or allegation giving rise to the claims in the amended complaint which occurred in this district.  The complaint does not allege that acts in this district gave rise to the claims.

Therefore, the Court concludes that the Plaintiffs' choice of forum, although entitled to some deference, does not weigh against transfer in this matter.

**2.      Convenience of the Witnesses and Parties**.

In addition to considering the Plaintiff's choice of forum, the Court will consider the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer.  *Gulf Oil*, 330 U.S. at 508.

The convenience of witnesses is often the most important factor in resolving a motion to transfer.  The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony.  *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974).  The Bank, itself resident in Delaware, provides a declaration setting forth a representative group of witnesses who live in or near the Delaware District Court.  (Declaration of David Hogan ("Hogan Decl."), ¶¶ 7-10.)  Plaintiffs have only made the concession that should Delaware defense witnesses need to be deposed, the attorneys would travel from California to conduct the depositions.  (Opp. at 7.)  This concession does not alter the inconvenience of having to travel to this district to testify at trial and does not weigh in favor of Plaintiff's chosen forum.[1]

---

[1] In addition, Plaintiffs' counsel's contentions that they would be inconvenienced by transfer as they are located in Southern California bears no weight in the analysis of convenience of the witnesses and parties. *See Soloman v. Continental American,* 472 F.2d 1043, 1047 (3d Cir.1973) ("The convenience of counsel is not a factor to be considered."); *In*

United States District Court
For the Northern District of California

1    Because the Bank has proffered evidence of specific witnesses who would be

2    inconvenienced by having to testify in this district, the Court finds the convenience of the

3    witnesses and parties factor weighs in favor of transfer.

4    **3.      Familiarity of the Forum With the Applicable Law.**

5    Delaware law applies by virtue of the cardmember agreement choice of law provision.

6    (Herrera Decl., Ex. C, D.)   Because neither party has demonstrated that any particular forum

7    would be more familiar with the law involved, the Court finds this factor to be neutral.

8    **4.      Ease of Access to Evidence.**

9    Access to sources of proof is another factor that favors transfer.  *Gulf Oil*, 330 U.S. at

10   508.  Again, the Bank has submitted a declaration which indicates that documentary evidence

11   relating to the claims is located in Delaware.  (Hogan Decl., ¶¶ 4-6.)   Plaintiffs contend only

12   that the sources of proof are mostly computerized and the ease of access to evidence does not

13   favor any jurisdiction.

14   The Court concludes that the Bank has met its burden to show that the majority of the

15   documentary evidence pertinent to this dispute is located in the Delaware area.  This factor also

16   weighs in favor of transfer.

17   **5.      Relative Congestion.**

18   Another factor courts consider is the relative court congestion in each forum.  According

19   to available statistics, the Northern District's docket has a heavier case load than the New Jersey

20   District Court.  (Bank's Request for Judicial Notice, Ex. I.)  Thus, this factor weighs in favor of

21   transfer to New Jersey.  According to available statistics, the Northern District and Delaware

22   District Courts have approximately the same level of congestion.  (*Id.*, Ex. J.)[2]  Thus, transfer to

23   Delaware on this factor is in equipoise.

24

25

26   *re Horseshoe Ent.,* 305 F.3d 354, 358 (5th Cir.2002) (the factor of "location of counsel" is
     irrelevant and improper for consideration in determining the question of transfer of venue).

27

28        [2]  The Bank's request for judicial notice is GRANTED as the attached documents are
     readily capable of accurate and ready determination by resort to sources whose accuracy
     cannot reasonably be questioned.  *See* Fed. R. Evid. 201.

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Because the majority of factors weigh in favor of transfer, the Court finds that the Bank

2    has met its burden of demonstrating that the action should be transferred to Delaware or New

3    Jersey.  Because both parties agreed that, in the event this Court determined transfer was

4    appropriate, they would stipulate to transfer to New Jersey, the Court GRANTS Defendant's

5    motion to transfer to the District Court of New Jersey.

6                                            **CONCLUSION**

7    For the foregoing reasons, the Court GRANTS Defendant's motion to transfer to the

8    case to the United States District Court for the District of New Jersey.  The Clerk is directed to

9    transfer this case, forthwith.  Defendant's pending motion to dismiss shall be addressed by the

10   New Jersey District Court.

11

12

13   **IT IS SO ORDERED.**

14

15   Dated:   December 19, 2005                          _____

16                                                        JEFFREY S. WHITE
                                                          UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

5